JAMES J. WARD, Appellant, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY et al., Respondents.

1. RELEASE TO ELEVATED RAILROAD — ABANDONMENT OF EASEMENTS. A release by an abutting owner to an elevated railroad company of all easements or rights appurtenant to the premises which had been taken and were affected by the maintenance and operation of the road, and from all causes of action therefor, past, present and future, with a consent to a perpetual maintenance and operation of the road, effects an abandonment of the abutting owner's easements of light, air and access afforded by the street in front of the premises.

2. NOTICE — BY ELEVATED RAILROAD AS TO EASEMENTS OF LIGHT, AIR AND ACCESS.    The possession by an elevated railroad company of all the rights acquired by or released to it by an abutting owner's unrecorded release of easements taken or affected, and of causes of action created by the maintenance and operation of the road in front of the premises, is notice to a subsequent purchaser of the premises of the railroad company's rights inconsistent with easements of light, air and access afforded by the street to such premises.

3. PRESUMPTION — CONTINUING AS TRESPASSERS. A presumption that
an elevated railroad company continues in possession as trespasser when
it was to some extent a trespasser as against abutting owners on first
obtaining possession, cannot be relied upon by a subsequent purchaser of
abutting premises to overcome the effect of such possession as notice of
the company's rights under an unrecorded release of the vendor's
easements.

*Ward* v. *Metropolitan El. R. R. Co.* (82 Hun, 545), affirmed.

(Argued February 12, 1897; decided March 2, 1897.)

APPEAL from a judgment of the General Term of the
Supreme Court in the first judicial department, entered Decem-
ber 20, 1894, which affirmed a judgment in favor of defend-
ants entered upon a decision of the court on trial at Special
Term dismissing plaintiff's complaint upon the merits.

This action was commenced in October, 1890, to enjoin the
defendants from operating their road in front of the plaintiff's
premises, known as numbers 238, 240 and 242 South Fifth
avenue, in the city of New York, and to recover damages for
interfering with the light, air and access thereto, by reason of
the maintenance and operation of the defendants' elevated
road. The defendants had both legislative and municipal
consent to build and operate it.

On the trial the defendants introduced in evidence a release,
whereby Johanna Leipziger, the plaintiff's grantor, in consid-
eration of thirty-three hundred dollars, paid to her by the
defendants, released to them the easements or rights appurte-
nant to those premises, which had been taken and were affected
by the maintenance and operation of their road. She also
released them from all causes of action therefor, past and
future, and consented to a perpetual maintenance and opera-
tion of such road in front of the premises. This instrument
has never been recorded.

Six months later, the plaintiff's grantor, who was still the
owner of the premises in question, by full covenant deed,
conveyed them to the plaintiff without reservation or allusion
to her previous release to the defendants. The plaintiff's deed
was duly recorded January 30, 1890. The only rights the

plaintiff's grantor ever possessed in South Fifth avenue, as appurtenant to her premises, were those of light, air and access. When the plaintiff acquired his title, the defendants were in possession of the railroad in front of the premises, and were using and occupying it to the knowledge of the plaintiff. At the time of his purchase he made no effort to ascertain by what right the defendants maintained and operated their railroad.

*Eugene D. Hawkins* and *Edward W. S. Johnston* for appellant. The alleged conveyance by Johanna Leipziger to the defendants of the easements of light, air and access appurtenant to the plaintiff's premises was a conveyance of real estate within the Recording Acts, and unrecorded, was void as against a subsequent *bona fide* purchaser without notice of those easements. (R. S. [8th ed.] 2475, § 38; *Wiseman* v. *Lucksinger*, 84 N. Y. 31; *Snell* v. *Levitt*, 110 N. Y. 604; *Nellis* v. *Munson*, 108 N. Y. 453; 39 Hun, 229; *Taggart* v. *Warner*, 53 N. W. Rep. 33; *Sweeney* v. *St. John*, 28 Hun, 634; *Winthrop* v. *Welling*, 2 App. Div. 232; *Bradley* v. *Walker*, 138 N. Y. 291; *Chaplin* v. *Comrs. of Highways*, 126 Ill. 264.) The deed to the plaintiff from his grantor, by its terms, conveyed to him these easements of light, air and access, then apparently tortiously occupied by the defendants. (*Pappenheim* v. *Met. El. R. Co.*, 128 N. Y. 437; *Robinson* v. *Grave*, 27 L. T. 648; 21 W. R. 223; 29 L. T. 7; 21 W. R. 569; *Colburn* v. *Marsh*, 68 Hun, 269.) The plaintiff was a *bona fide* purchaser for value of these easements, without notice of the release or conveyance of said easements to the defendants, except so far as the possession of the defendants was notice to him of any right that the said defendants had to such easements. (*L. F. Co.* v. *L. G. & F. Co.*, 82 N. Y. 476; *Wood* v. *Chapin*, 13 N. Y. 509; *Ward* v. *Isbill*, 73 Hun, 552.) The occupation by the defendants of the easements of light, air and access of this property appurtenant to the plaintiff's premises was not notice to the plaintiff before he bought that these easements belonged to the defendants by reason of this alleged

6

unrecorded release or conveyance, and had not been appurtenant to the premises since July 25, 1889, when the defendants so purchased them and obtained a conveyance of them. (Wade on Notice, § 302; *Merritt* v. *N. R. R. Co.*, 12 Barb. 605; *Emmons* v. *Murray*, 16 N. H. 398; *Harris* v. *Arnold*, 1 R. I. 139; 1 Greenl. on Ev. § 41; *Williamson* v. *Brown*, 15 N. Y. 358; *Dey* v. *Dunham*, 2 Johns. Ch. 182; *Pope* v. *Allen*, 90 N. Y. 302; 3 Washb. on Real Prop. 284; *Cook* v. *Travis*, 20 N. Y. 400; *Rogers* v. *Jones*, 8 N. H. 270; *McMechan* v. *Griffing*, 3 Pick. 152.) The plaintiff's right to a reversal cannot be defeated by applying the doctrine of abandonment of easements to this case. (Washb. on Easements [4th ed.], 690–703, 713; Goddard on Easements, 500, 513.) The plaintiff is entitled to recover upon the principle that the person who has put it in the power of another to cause loss or injury to a third party must bear the loss and not the third party. (*Page* v. *Krekey*, 137 N. Y. 307; *Stevens* v. *Dennett*, 51 N. H. 324; *Hunter* ·v. *Fitzmaurice*, 102 Ind. 449; *Fletcher* v. *Peck*, 6 Cranch, 133; *Somes* v. *Brewer*, 2 Pick. 184.)

*Julien T. Davies* and *Sherrill Babcock* for respondents. The release from Leipziger, the plaintiff's grantor, to the defendants is conclusive evidence of an abandonment and extinguishment of the easements. (*K. C. F. Ins. Co.* v. *Stevens*, 101 N. Y. 411; *Lahr* v. *M. E. R. Co.*, 104 N. Y. 268; *Pappenheim* v. *M. E. R. Co.*, 128 N. Y. 436; *Foote* v. *M. E. R. Co.*, 147 N. Y. 367; *Bacharach* v. *Von Eiff*, 74 Hun, 534; *Webster* v. *K. C. T. Co.*, 80 Hun, 422; *Coleman* v. *M. B. Im. Co.*, 94 N. Y. 232; *Herzog* v. *N. Y. El. R. R. Co.*, 76 Hun, 486; *Bohm* v. *M. E. R. Co.*, 129 N. Y. 587; *Stevens* v. *N. Y. El. R. R. Co.*, 130 N. Y. 101.) The plaintiff is not such a *bona fide* purchaser without notice as to be entitled to the protection of the Recording Act. (*Phelan* v. *Brady*, 119 N. Y. 587; *Phelan* v. *Brady*, 19 Abb. [N. C.] 289; *Holland* v. *Brown*, 140 N. Y. 348; *Bacharach* v. *Von Eiff*, 74 Hun, 534; *Page* v. *Waring*, 76 N. Y. 463; *Ellis* v.

*Horrman,* 90 N. Y. 466; *Lesley* v. *Johnson,* 41 Barb. 359; *Brinkerhoff* v. *Lansing,* 4 Johns. Ch. 65; *Broom* v. *Beers,* 6 Conn. 198; *Williamson* v. *Brown,* 15 N. Y. 358; 4 R. S. [9th ed.] 2469, § 1.)

MARTIN, J. The opinion of the learned General Term, in which all the questions involved in this case are fully considered, renders any extended discussion of them unnecessary, and we need do little more than to announce our conclusions.

The first question to be determined is whether the release executed by the plaintiff's grantor to the defendants effected an abandonment of her easement of light, air and access afforded by the street in front of the premises. Relying upon the case of *White* v. *Manhattan R. Co.* (139 N. Y. 19), the courts below held it did. We think the doctrine of that case, which was approved in *Foote* v. *Met. Elevated R. Co.* (147 N. Y. 367), fully supports their decisions and they should be upheld.

The plaintiff, however, claims that even if that was the effect of the release, still it was a conveyance which falls within the provisions of the Recording Act, and as the plaintiff's deed was first recorded, he acquired a better title than his grantor possessed when such conveyance was made. If it be assumed that the release to the defendants was a conveyance within the meaning of the Recording Act, which we do not decide, yet, as the defendants were in open, visible and notorious possession of all the rights acquired by or released to them and their possession was inconsistent with the title in the plaintiff's grantor to a full right to the easements of light, air and access afforded by the street, it operated as a notice to the plaintiff of the defendants' rights therein. (*Phelan* v. *Brady,* 119 N. Y. 587; *Page* v. *Waring,* 76 N. Y. 463, 470; *Brown* v. *Volkening,* 64 N. Y. 76; *Holland* v. *Brown,* 140 N. Y. 344, 347.) That principle applies to easements in the possession of an elevated railway as well as to other property. (*Mitchell* v. *Met. El. R. Co.,* 134 N. Y. 11, 14.)

There was no proof in this case that the plaintiff, when he

purchased the premises, possessed any knowledge that the defendants, when they entered upon the street and erected their road, were trespassers as to that property. The most that can be properly claimed is that he may have had some general knowledge or understanding that in many cases the defendants entered upon streets and built their road without consent of the abutting owners. Notwithstanding these facts the plaintiff still contends that as the defendants, when they first obtained possession, were, to some extent, trespassers as against the plaintiff's predecessors in title, the law raised a presumption, upon which the plaintiff had a right to rely, that they continued in possession as such trespassers, and not otherwise. We think there was no such presumption upon which the plaintiff could properly depend. (*Brown* v. *Bowen,* 30 N. Y. 519, 531; *Uline* v. *N. Y. C. & H. R. R. R. Co.,* 101 N. Y. 98, 126; *Pappenheim* v. *M. E. R. Co.,* 128 N. Y. 436, 451; *Galway* v. *M. E. R. Co.,* 128 N. Y. 132, 156; Wharton on Evidence, § 1332.)

But suppose such a presumption existed, did it relieve the plaintiff from the effect of the notice arising from the defendants' possession? The presumption contended for was, at most, one of fact, and only *prima facie* evidence thereof. It was conclusive as to no one. The defendants might overcome it by proving the true character of their possession and the right under which it was held. If the plaintiff, with knowledge of the defendants' possession which constituted such notice, and, consequently, imposed upon him the duty of ascertaining upon what their possession was founded, instead of making actual inquiry of the defendants, whereby he would have ascertained their rights or estopped them from asserting them, chose to omit such inquiry and to rely upon a mere presumption that might be dispelled by proof, he did so at his peril. He cannot charge the defendants with the result of his own neglect, but must himself bear the consequences thereof.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.