statutes of limitation, taking into consideration the existence of infants and the time granted to an incompetent person to bring an action, there would seem to be no person in being who could successfully attack it. Under such circumstances a title will not be regarded as unmarketable. Hamerschlag v. Duryea, 58 App. Div. 288, 68 N. Y. Supp. 1061, affirmed on appeal 172 N. Y. 622, 65 N. E. 1117. In Cambrelleng v. Purton, 125 N. Y. 610, 26 N. E. 907, it was said by Judge O'Brien, in writing for the court:

"If the existence of the alleged fact which is claimed or supposed to constitute a defect in or cloud upon the title is a mere possibility, or the alleged outstanding right is but a very improbable or remote contingency, which, according to ordinary experience, has no probable basis, the court may, in the exercise of a sound discretion, compel the purchaser to complete the purchase."

And such has been the uniform holding. Carroll v. McKaharay, 35 App. Div. 528, 55 N. Y. Supp. 113; Faile v. Crawford, 30 App. Div. 536, 52 N. Y. Supp. 353; In re Trustees of Episcopal Public School, 31 N. Y. 574.

We conclude, therefore, that this title is marketable, and the interlocutory judgment should therefore be affirmed, with costs. All concur.

---

(89 App. Div. 598.)

### CHILD v. NEW YORK ELEVATED R. CO. et al.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. STREET RAILROADS—INJURY TO PROPERTY—DAMAGES—SUBSEQUENT LEASE.
   Where, at the time a lease is executed, an elevated railroad is in full operation in front of the premises, of which fact the lessee is aware, he cannot recover on account of the operation of the road.

2. SAME—GRANT TO ROAD OF EASEMENTS—RIGHTS OF TENANT—RECORDATION OF GRANT.
   Where an elevated railroad obtains from the lessor of premises, during the existence of the lease, a grant of all the easements of light, air, and access in or appurtenant to the premises, the execution of a new lease between the same parties at the expiration of the old one, at which time the elevated road is in full operation in front of the premises, to the knowledge of the lessee, bars the right of the lessee to recover from the elevated road damages for the deprivation of rights for the new term, though the grant to the elevated railroad was not recorded.

3. SAME—COMPLAINT—RELIEF.
   A party can only recover in accordance with the allegations of his complaint as originally made or subsequently amended.

Appeal from Special Term, New York County.

Action by Benjamin R. Child against the New York Elevated Railroad Company and another. From a judgment for plaintiff, defendants appeal. Modified and affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Sherrill Babcock, for appellants.
W. G. Peckham, for respondent.

McLAUGHLIN, J. This is the usual action to recover damages and for an injunction restraining the operation of defendants' elevated

railroad.    The plaintiff had a judgment for some twenty-odd thousand dollars damages and for an injunction voidable on the payment of $5,000 and interest thereon from the 5th of February, 1901, for a conveyance of the easements appurtenant to a leasehold estate which expired on May 1, 1903.    There is no substantial dispute between the parties as to the facts except so far as they relate to the damages recovered.    In 1865 the plaintiff purchased buildings situate upon lots known as Nos. 279 and 281 Greenwich street, in the city of New York, and a Trinity Church leasehold estate for an unexpired term of 12 years, with a privilege of renewal for 21 years.    In 1877 he obtained a renewal for the term of 21 years from the 1st of May of that year. The lease contained a covenant to the effect that the lessee, at the expiration of the lease could, within 20 days after its termination, remove the buildings standing thereon, but it did not contain a covenant as to renewal.    In 1894 the plaintiff brought this action to recover damages to the buildings standing upon the premises leased and to his leasehold estate, as well as to enjoin the defendants from the operation of their railroad, upon the ground that they had and were depriving him of the easements of light, air, and access appurtenant to such property.    Subsequent to the commencement of the action, and after issue had been joined therein, the plaintiff obtained a new lease for a term of 5 years, to commence with the termination of the 21-year lease, viz., on the 1st of May, 1898.    Before the making of the new lease the defendants had obtained from the plaintiff's lessor, the Trinity corporation, a grant of all its easements of light, air, and access in the premises, which grant contained the following provision:

"It is expressly understood and agreed by and between the parties hereto that in all leases hereafter executed to tenants by the party of the first part, no rights are to accrue to the lessees thereunder as against the parties of the second part."

The trial court found that the plaintiff was entitled to recover (1) $18,000 rental damages under the lease which expired on the 1st of May, 1898; (2) $6,000 rental damages which had been sustained under the five-year lease from its date to the date of the trial, viz., from May 1, 1898, to February 5, 1901; and (3) an injunction restraining the further operation of defendants' road in front of the premises leased during the continuance of plaintiff's lease, or, in the alternative, to damages of $5,000.    Judgment was entered to this effect, and the defendants have appealed.

As to the award of $18,000 rental damages under the lease which expired on the 1st of May, 1898, a careful examination of the evidence, so far as the same relates thereto, satisfies us that this recovery is proper.    The defendants' interference with plaintiff's easements is clearly shown, and the damages which he suffered by reason thereof are amply sustained by the proof.    The judgment in so far as it permits such recovery, together with the interest thereon, should be affirmed.

As to the balance of the judgment we think there is no basis for it.    First. Upon the expiration of the lease given in 1877, plaintiff's tenancy absolutely ceased.    He had no legal right to a renewal of the lease, or to continue in possession of the premises.    The only

right which he had was to remove the buildings standing thereon within the time specified in the lease. The Church corporation could have refused, had it seen fit, to relet the premises to him, and could have put another tenant in possession. The fact that it chose to make a new lease did not give him, as lessee, any greater rights or privileges than a new tenant would have possessed if the lessor had decided to lease to a new tenant. Then, too, the lease itself seems to indicate that it was the intention of the parties not to renew or continue the old lease, but to make a new one; otherwise there is no meaning to the words "new term" in the sentence that the rent therein specified shall continue for and during "a new term." At the time this lease was executed, November 26, 1877, the defendants' railroads were in full operation, of which fact the plaintiff was fully aware. Having this knowledge, he could not successfully maintain an action to recover damages sustained under the lease then entered into, because he is presumed to have contracted with the owner with reference to the existing situation. The rent is presumed to have been reduced to the extent that the operation of the railroad damaged the premises, and the loss sustained by reason thereof could be recovered, if at all, by the landlord, and not by the tenant. This precise point was passed upon by the Court of Appeals in Kernochan v. N. Y. E. R. R. Co., 128 N. Y. 559, 29 N. E. 65. See, also, Crimmins v. Metropolitan El. Ry. Co., 87 Hun, 187, 34 N. Y. Supp. 1137. In the Kernochan Case, Judge Andrews, speaking for the court, said:

"It would be an unnatural and violent presumption that the lessor intended to exact or that the lessee intended to pay rent measured by the value of the use of the premises without the railroad on the supposition that it would be removed during the term. On the contrary, it is undoubtedly true that the rent reserved in leases like this represents in the minds of the parties the value of the use of the premises incumbered by the railroad. The rent is diminished to the extent of the estimated injury from this cause to the rental value of the premises. * * * The loss falls upon the lessor, and the continuance of the wrong during the term imposes no pecuniary loss upon the lessee. To hold that the right of action vests in the lessee, or to divide the claim between the owners of the two estates, would be contrary to equity and to the presumed intention of the parties."

The cases of Witmark v. N. Y. E. R. R. Co., 149 N. Y. 393, 44 N. E. 78, and Storms v. Manhattan El. Ry. Co., 77 App. Div. 94, 79 N. Y. Supp. 60, are not in conflict with this view. In each of these cases a renewal lease, and not a new one, was given in pursuance of a covenant contained in the original lease, and it was held that such renewal lease, by reason of such covenant, did not involve the creation of a new, but only the continuance of the existing, tenancy, for which reason the renewal lease did not deprive the plaintiff of the right to maintain the action.

Second. It also appeared that prior to the execution of the five-year lease the lessor granted to the defendants all of the easements of light, air, and access in or appurtenant to the premises in question. This prevented plaintiff's recovering damages or any relief subsequent to the expiration of the lease which expired on the 1st of May, 1898. It is true the evidence does not show that the lease had been recorded, but that fact could not operate to deprive the defendants of their prop-

erty rights acquired under the grant. They were in open, visible, and notorious possession of all the rights acquired by or released to them, and their possession was inconsistent with the title in the plaintiff's lessor to a full right to the easements of light, air, and access afforded by the street, and therefore it operated as a notice to the plaintiff of the defendants' right therein. Ward v. Metropolitan El. Ry. Co., 152 N. Y. 39, 46 N. E. 319.

Third. Plaintiff was not entitled to recover, under his complaint, damages sustained under the five-year lease. The only facts stated in the complaint which entitled him to damages or any relief are those under the lease which expired the 1st of May, 1898. There is not a suggestion in it of recovery under the five-year lease. It was not amended either before or at the trial. There are no allegations in it, therefore, to support the judgment in so far as it grants injunctive relief and awards rental damages from May 1, 1898, to February 5, 1901. A party can only recover in accordance with the allegations of his complaint as originally made or subsequently amended. Clark v. Post, 113 N. Y. 17, 20 N. E. 573. The plaintiff's right to recover under this lease was raised by appropriate objections and exceptions to the admission of evidence.

The judgment appealed from therefore must be modified by reducing the judgment for rental damage, interest, costs, and allowance as entered to the sum of $20,308.49, and, as so modified, the judgment appealed from is affirmed, without costs to either party. All concur; PATTERSON, J., in result.