CHARLES E. CLARK, Appellant, *v.* IRA STRONG, Respondent, Impleaded with LINCOLN A. GROAT and Others, Appellants, and Others, Defendants.

*A written instrument, giving the privilege of conveying water by pipes from the land of one party to the land of the other, creates an easement — when it conveys a base or qualified fee — if not acknowledged or witnessed it is not effective against subsequent purchasers — devisees are purchasers — right in a foreclosure action to have the land first sold subject to such privilege — rights of the devisees who have not answered to appeal from a judgment directing that the sale be so made.*

One Groat, who was the owner of certain premises upon which a spring of water was located, entered into the following agreement with one Strong:

"This agreement made by and between N. W. Groat of town of Franklin, County of Delaware, and State of New York, of the first part, and I. A. Strong of the same Town, County and State aforesaid of the second part.

"*Witness* that the party of the first part agrees to lease unto the party of the second part the privilege of conveying water from a certain spring in a pipe to the lands of the party of the second part, and to have the privilege of entering said lands any time to make any repairs necessary to keep the water running. This lease to hold as long as the second party or any of their family own or occupy said lands.

"And consideration thereof the party of the second part and family agrees to return the waste water in a pipe to the land of first party and to keep the same in repair.

"And in witness thereof we have here set our hands on this 11th day of January, 1898.

"N. W. GROAT,
"I. A. STRONG"

*Held*, that the agreement was an attempt to convey an easement in the lands owned by Groat;

That the interest attempted to be conveyed being limited to continue only "as long as the second party or any of their family own or occupy said lands," constituted a base or qualified fee or freehold estate;

That, as the agreement had not been executed and delivered before at least one witness and had not been acknowledged, it did not take effect as against a subsequent purchaser or incumbrancer of the grantor;

That Groat's devisees were purchasers within the meaning of the Real Property Law, and that the agreement was not effective as against them;

That, consequently, in an action brought to foreclose a mortgage executed by Groat prior to the execution of the agreement, the court had no power, over the objection of Groat's devisees, to direct that the mortgaged premises, exclusive of the rights acquired by Strong under the agreement, should be first sold;

That the fact that Groat's devisees, who were not served with a copy of Strong's answer, did not answer the complaint in the action for foreclosure, did not deprive them of their right to appeal from a judgment of foreclosure containing such a direction.

APPEALS by the plaintiff, Charles E. Clark, and by the defendants, Lincoln A. Groat and others, from certain portions of a judgment of the Supreme Court in part in favor of the defendant Ira Strong, entered in the office of the clerk of the county of Delaware on the 4th day of November, 1904, upon the decision of the court, rendered after a trial at the Delaware Special Term, in the above-entitled foreclosure action.

One Norman W. Groat, on the 2d day of November, 1896, made and delivered to one Pomeroy, his bond, conditioned to pay the sum of $800 and interest, as therein specified, and as collateral thereto said Groat and wife executed and delivered to said Pomeroy, a mortgage on certain real property therein described, which was then owned by the said Groat. Said mortgage was recorded in the office of the clerk of Delaware county on the 4th day of November, 1896. The plaintiff thereafter became the owner of said bond and mortgage. Said Groat died on the 16th day of November, 1900, leaving a last will and testament whereby he devised to the defendant Phœbe J. Groat, his wife, a life interest in said mortgaged property, and to his children, the defendants Lincoln A. Groat, Adelbert S. Groat, Orielle Taylor and Viola Pomeroy the remainder therein, and appointed the defendant Lincoln A. Groat his executor, and said will has since been duly admitted to probate and letters testamentary have been issued to said Lincoln A. Groat.

Upon said real property is a certain spring of water, and on the 11th day of January, 1898, said Norman W. Groat entered into an agreement with the defendant Ira Strong in relation to conveying the water from said spring, of which agreement the following is a copy :

" This agreement made by and between N. W. Groat of town of Franklin, County of Delaware, and State of New York, of the first part, and I. A. Strong of the same Town, County and State aforesaid of the second part.

" *Witness* that the party of the first part agrees to lease unto the party of the second part the privilege of conveying water from a

certain spring in a pipe to the lands of the party of the second part, and to have the privilege of entering said lands any time to make any repairs necessary to keep the water running. This lease to hold as long as the second party or any of their family own or occupy said lands.

" And consideration thereof the party of the second part and family agrees to return the waste water in a pipe to the land of first party and to keep the same in repair.

" And in witness thereof we have here set our hands on this 11th day of January, 1898.

" N. W. GROAT,

" I. A. STRONG."

The execution and delivery of said agreement was not attested by at least one witness, and it was not and never has been acknowledged.

Said Ira Strong occupies the lands which he occupied at the date of said agreement, and soon after the date of said agreement, in reliance thereon, he laid pipes from said spring to his premises near the buildings thereon, and from the receptacle there prepared for taking said water he laid a pipe to the lands of said Groat and discharged the waste water upon his said premises at a point agreed upon with said Groat, and he has since that time maintained said pipes, and in so doing he incurred expense. The only consideration for the execution of said contract is named therein. The interest on said bond and mortgage was not paid after November 2, 1900, and this action was commenced to foreclose said mortgage.

The defendant Ira Strong interposed an answer, in which he alleged the making of said agreement and his incurring expense in reliance thereon, and asked that said real property, other than that part conveyed or leased to him, be first sold to satisfy the mortgage debt. The court found the facts substantially as herein stated, and also found as a conclusion of law that said agreement was made upon a sufficient consideration and that it is valid and enforcible, and directed judgment in accordance with the demand of the defendant Strong, and judgment was entered accordingly. This appeal is taken on the judgment roll and from that part of the judgment adjudging that said agreement was made on a sufficient consideration and is valid and enforcible, and also from that part

directing that the mortgaged premises, exclusive of the rights of the defendant Strong under said agreement, be first sold, and also from that part awarding costs to the defendant Strong.

*Frank Gibbons* and *L. F. Messer*, for the plaintiff, appellant.

*Lincoln A. Groat*, for the defendants, appellants.

*E. H. Hanford* and *L. F. Raymond*, for the respondent.

CHASE, J.:

The respondent rests his claim wholly upon the written agreement. There are no findings of fact upon which equitable relief, if any, could be founded. Although the parties to the agreement therein call it a " lease " it is not a conveyance of an estate or interest in real property for life, for years, at will, or for a term less than the grantor had in the real property and it is not a lease.

The parties have also therein referred to the rights granted or agreed upon as a " privilege." If the agreement is considered as a mere license it was revoked by the death of the licensor even if there was a consideration paid therefor. ( *Wiseman* v. *Lucksinger*, 84 N. Y. 31; *Eckerson* v. *Crippen*, 110 id. 585; *Cronkhite* v. *Cronkhite*, 94 id. 323.) We think the agreement was an attempt to convey an easement in the grantor's lands. The right to lay pipes over real property and convey water from a spring thereon is an easement for the benefit of the dominant estate. (*Nellis* v. *Munson*, 108 N. Y. 453; *Wiseman* v. *Lucksinger, supra.*) Such an interest in land is an interest in fee or of a freehold estate. ,(*Nellis* v. *Munson, supra.*) The term in the agreement is stated to be " as long as the second party or any of their family own or occupy said lands." An interest for such a term is not an absolute fee because it is possible that it may at some time be terminated. It is a base or qualified fee or freehold estate. (Gerard Titles [4th ed.], 115.)

By section 208 of the Real Property Law (Laws of 1896, chap. 547) it is provided : " A grant in fee or of a freehold estate, must be subscribed by the person from whom the estate or interest conveyed is intended to pass, or by his lawful agent. If not duly acknowledged before its delivery, according to the provisions of this chapter, its execution and delivery must be attested by at least one witness, or,

if not so attested, it does not take effect as against a subsequent purchaser or encumbrancer until so acknowledged."

The agreement not having been executed and delivered before at least one witness, and not having been acknowledged, does not take effect as against a subsequent purchaser or incumbrancer of the grantor. The appellant defendants are devisees of Norman W. Groat and purchasers within the meaning of the Real Property Law. (23 Am. & Eng. Ency. of Law [2d ed.], 464; *Stamm* v. *Bostwick*, 40 Hun, 35; affd., 122 N. Y. 48.)

The authority of the court to direct that the mortgaged property other than the water rights described in the agreement should be first sold before selling such water rights, is dependent upon such rights having been alienated as against the defendant appellants in this action. As the agreement does not take effect as against the defendant appellants the court was in error in its direction in regard to said sale. The respondent asserts that the appeal of the defendant appellants should be dismissed because they did not answer the plaintiff's complaint. The plaintiff's complaint was in the usual form in foreclosure. It alleged generally that the defendants have or claim to have some interest in or lien upon the mortgaged premises. It is true that the defendant Strong claimed an interest in the mortgaged premises. There was no occasion, therefore, for the defendant appellants to answer the plaintiff's complaint. The defendant Strong did not serve a copy of his answer upon his codefendants. The defendant appellants appeared in the action and were present at the trial and took part therein, but no pleading had ever been served on them or either of them alleging affirmatively what rights the defendant Strong claimed in the mortgaged property, or that he sought to have his rights determined by the judgment to be entered in the action. Under such circumstances the defendant appellants should not be deprived of their right to appeal. (See *Bliss* v. *Fosdick*, 76 Hun, 508.)

The judgment should be modified by striking therefrom the provision therein adjudging that said agreement is valid and enforcible; also the provision therein adjudging that the mortgaged premises other than the rights of the defendant Strong under said agreement shall be first sold, and also the provision therein adjudging that the defendant Strong be paid his costs and charges in the action, and

as so modified affirmed, with one bill of costs in this court to the appellants against the respondent.

All concurred.

Judgment modified by striking therefrom the provision that the agreement mentioned in the pleadings is valid and enforcible; also the provision therein adjudging that the mortgaged premises, other than the rights of the defendant Strong under said agreement, shall be first sold; and also the provision therein adjudging that the defendant Strong be paid his costs and charges in the action; and as so modified affirmed, with one bill of costs in this court to the appellants against the respondent.