William E. Singleton and Another, Plaintiffs, *v.* John J. McGurk, Defendant.

(Supreme Court, Bronx Special Term, December, 1921.)

Easements — water pipes — injunction — oral agreement — receipt — when rights pass as appurtenant to land, though not mentioned in deed — estoppel — Real Property Law, § 243, not applicable — nominal damages.

Where in an action to restrain the defendant from interfering with pipes laid across his premises to conduct water to plaintiffs' house, the court is satisfied that a writing given by defendant to plaintiffs' predecessor in title acknowledging the receipt of a certain sum of money " for water connection and privilege for two families until water in street is supplied by the city " substantially embodies an oral agreement originally made between the parties several years before, it will be held that such agreement is more than a license and that it is in substance and effect an easement in defendant's land until water is supplied by the municipality in that part of the street in which the premises of plaintiffs are situated.

The rights and easement acquired by plaintiffs' predecessor in title to maintain the water pipes, etc., passed as appurtenant to the land upon the conveyance of the dominant estate to plaintiffs although not specifically mentioned in the deed to them.

Where by the acts and conduct of defendant and his wife, joint owners of the lot in the rear of the premises of which defendant was the sole owner, plaintiffs' grantor was led to believe that defendant was also the sole owner of said rear lot, through which the pipes were also laid and maintained by plaintiffs' grantor to the knowledge of defendant's wife who was present when the money for which the receipt was given was paid to her husband and she made no objection either to the laying of the pipes or to their maintenance or to the supply of water, until about two months after the conveyance of the premises to plaintiffs, when she served upon them a written notice that the water would be shut off in thirty days, the consent of defendant's wife, in the circumstances, will be presumed and defendant estopped from questioning such consent.

> The servient tenement being still in the same ownership as it was when the pipes were laid, the writing both at common law and under the statute was good as between the parties and a contention that it was ineffectual to pass an easement because it was neither witnessed nor acknowledged, is untenable, as section 243 of the Real Property Law did not apply.

> Judgment for plaintiff as indicated in the opinion and for nominal damages, fixed at six cents.

ACTION to restrain the defendant from cutting off or disconnecting the pipes supplying water to the plaintiffs' premises.

William A. Keating, for plaintiffs.

Joseph L. Zoetzl, for defendant.

GIEGERICH, J. The action is to restrain the defendant from interfering with pipes laid across his premises to conduct water to the plaintiffs' house and premises or with the supply of water therefrom. In 1914 one Thomas Gilday was the owner of the premises on the southerly side of East Two Hundred and Thirty-first street, in the borough of The Bronx, New York city, known by the street number 1094 East Two Hundred and Thirty-first street, and the defendant was the owner of the premises known as No. 1050 East Two Hundred and Thirty-second street in said borough, the said premises being situated on the southerly side of the street last mentioned. By a parol agreement made in that year between Gilday and the defendant a water pipe was laid from the defendant's house through a lot owned by him and a lot in the rear thereof and through the roadway of East Two Hundred and Thirty-first street to Gilday's premises for the purpose of conducting a supply of water from the defendant's house to that owned by Gilday. Subsequently a receipt was signed by the

defendant and delivered by him to Gilday, which reads as follows: " Oct. 27th, 1916. Received from Thomas Gilday the sum of $15.00 for water connection and privilege for two families until water in street is supplied by the city. John J. McGurk, 1050 East 232." Thereafter Gilday conveyed the premises so owned by him to the plaintiffs by deed bearing date October 5, 1920, and recorded in the register's office of Bronx county on October 6, 1920. This deed does not recite the foregoing receipt or instrument, or make any mention of any right to lay a water pipe across the defendant's premises, but such receipt was transferred and delivered to the plaintiffs at the time they took title to the premises. After such conveyance the supply of water was continued by the defendant, and he made no objection to the maintenance of the water pipes through his premises until December 31, 1920, on which date the defendant's wife handed to Mrs. Singleton a notice that the water would be shut off in thirty days. After the service of such notice the water was shut off at various times. The defendant denies that he turned off the water or that he ever saw it turned off on his premises. The defendant's wife, however, admitted that she turned off the water, or had it turned off on a few occasions by reason of breaks or leaks in the water supply pipe. The plaintiffs have paid to the department of water supply, gas and electricity the sum of fourteen dollars for the water rent for the calendar year of 1921 for water supplied and to be supplied to their premises. The city of New York has not shut off the water or reduced the pressure in East Two Hundred and Thirty-second street at any time since December 31, 1920, to the date of the trial of this action, and there has been no break in any water main or any of the pipes in East Two Hundred and Thirty-first street or

Two Hundred and Thirty-second street during that period. The pressure at the premises of the plaintiffs and the defendant is enough to supply four or five houses. Water is not as yet supplied by the city of New York in East Two Hundred and Thirty-first street. The testimony as to the nature of the agreement made orally in 1914 is conflicting, but the evidence satisfies me that the receipt or instrument of October 27, 1916, substantially embodies the parol agreement originally made between the parties. The defendant insists that the consent of his wife to the maintenance of the water pipe on the lot in the rear of his premises (through which the pipes were also laid) was necessary and that it was never obtained. This contention is based upon the conveyance of the rear lot to the defendant and his wife about five years before the receipt or instrument in question was given. Neither the plaintiffs' grantor nor the plaintiffs ever knew or heard of such conveyance until after the water supply was cut off. By the acts and conduct of the defendant and his wife at the time when the agreement was made and the money was paid the plaintiffs' grantor was led to believe that the defendant was the sole owner of such rear lot. Although the defendant's wife knew that the pipes were laid across that lot and were being maintained by the plaintiffs' grantor and the plaintiffs, and she was present when fifteen dollars was paid by the plaintiffs' grantor to her husband, and when the receipt therefor was given she never made any objection to the laying of the pipes or to their maintenance or to the supply of water until the service of the notice of December 31, 1920. Under these circumstances the consent of the defendant's wife may well be presumed, and it seems to me that the defendant by his acts is estopped from questioning such consent. 11 Am. & Eng. Ency. of Law

(2d ed.), 427, 428. The defendant contends, furthermore, that the agreement made between the plaintiffs' grantor and himself is a personal, non-assignable and revocable license issued only to the plaintiffs' grantor. The plaintiffs, on the other hand, maintain that the receipt created an easement which is binding on the defendant. I am of the opinion that the agreement so embodied in the receipt or instrument in question is more than a license and that it is in substance and effect an easement in the defendant's land until water is supplied by the city of New York in that part of West Two Hundred and Thirty-first street, where the premises conveyed by Gilday to the plaintiffs are situated. *Wiseman* v. *Lucksinger,* 84 N. Y. 31; *Nellis* v. *Munson,* 108 id. 453; *Clark* v. *Strong,* 105 App. Div. 179; *Borough Bill Posting Co.* v. *Levy,* 144 id. 784. An interest for the term above mentioned is not an absolute fee because it is possible that it may at some time be terminated. It is a base or qualified fee or freehold estate. *Clark* v. *Strong, supra;* Gerard Titles (5th ed.), 129. The rights and easement acquired by Gilday to maintain the water pipes laid on the defendant's land and to connect such pipes from his house to that of the defendant are appurtenant to such land and passed as an appurtenance with the conveyance of the dominant estate to the grantees of Gilday, the plaintiffs in this action, although not specifically mentioned in the deed. *Biggs* v. *Sea Gate Assn.,* 211 N. Y. 482, and cases cited; 19 C. J. 935. Inasmuch as the agreement in the present case is in writing, the case of *Cronkhite* v. *Cronkhite,* 94 N. Y. 323, relied on by the defendant in support of his contention that such agreement is too indefinite, vague and uncertain for enforcement in equity, has no application. There no written agreement was proved, and the plaintiff relied upon parol proof of

the declaration and acts of the parties which, as he claimed, established the right to use the water in the spring by adverse possession for a period of forty years and over, and it was held that an oral contract which equity will regard as equivalent to the grant required at common law or by statute must be a complete and sufficient contract in all its parts. Although the agreement in the instant case is short in form, it is, nevertheless, sufficiently comprehensive and definite to be enforced in a court of equity. Another point urged by the defendant is that because the said agreement or instrument of October 27, 1916, is not witnessed or acknowledged as required by section 243 of the Real Property Law it is fatally defective. The provisions of the said section, however, do not apply to a grant in fee or of a freehold estate unless there is a subsequent purchaser or incumbrancer. In other words, such a grant " does not take effect as against a subsequent purchaser or incumbrancer until so acknowledged." In the case at bar the servient tenement is still in the same ownership as it was at the time when the pipes were laid and the instrument above referred to was signed and delivered, and both under the statute and at common law the said instrument is good between the parties. *Strough* v. *Wilder,* 119 N. Y. 530; *Hill* v. *Bartholomew,* 71 Hun, 453; *Voorhees* v. *Presbyterian Church of Amsterdam,* 17 Barb. 103. Even if the instrument in question were ineffectual to grant an easement, still as the plaintiff's grantor furnished the water pipes and laid them and paid $15 to the defendant for the privilege, upon the faith of the agreement, the plaintiffs would be protected in equity. *City of N. Y.* v. *N. Y. & S. B. Ferry & S. T. Co.,* 231 N. Y. 18. The evidence satisfies me that the defendant has threatened to completely and permanently cut

off the water supply and prevent any water from being supplied to the plaintiffs. Such threatened invasion of the plaintiffs' rights should be restrained, and they are clearly entitled, in view of all the facts and circumstances of the case, to judgment restraining the defendant from cutting off or disconnecting the pipes supplying the house and premises of the plaintiffs from the water system of the defendant, from cutting or shutting off the water from the plaintiffs' house and from interfering with, impeding or hampering in any manner with the free, full and undiminished flow of water to the plaintiffs' premises. The plaintiffs also seek damages claimed to have been sustained by reason of the defendant's alleged interference with their water supply. The evidence, however, is wholly insufficient to warrant the award of any except nominal damages, which I fix at six cents. My conclusion, therefore, is that the plaintiffs are entitled to judgment to the extent above indicated, with costs and disbursements. As counsel may wish to submit requests to find in accordance with the views above expressed, they are at liberty to withdraw the requests already submitted and to substitute new ones within five days after the publication hereof. All papers received by me, including stenographer's minutes, exhibits, copy pleadings, briefs, requests for findings and filed papers, have been returned to the clerk, to whom all further papers should be handed in, with proof of service.

Judgment for plaintiffs.