ROCHESTER POSTER ADVERTISING CO., INC., Plaintiff, *v.* EMMA C. SMITHERS and Another, Defendants.

Supreme Court, Monroe County, November 10, 1927.

Easements — validity — action to restrain rescission of contract permitting erection and maintenance of advertising signs on defendant's property — plaintiff executed contract with original owner but agreement was not acknowledged or attested pursuant to Real Property Law, § 243 — contract, though valid between original parties, void as to subsequent purchaser — injunction denied.

In this action in which plaintiff seeks to restrain defendants from rescinding a contract in which plaintiff occupied and used a lot for advertising display purposes, it appears that subsequent to the execution and delivery of the contract, which was neither attested, acknowledged nor recorded, the premises were sold to the other defendant who had notice of the erection of billboards thereon. Notwithstanding the fact that when the new owner took possession the billboards still stood on the premises, there can be no judgment for plaintiff, for the contract, though a valid agreement between plaintiff and the original owner of the premises, is ineffectual as a grant and void as to the other defendant, since it was neither acknowledged nor attested as required by section 243 of the Real Property Law.

ACTION for permanent injunction.

*Dutcher Brothers* [*Arthur Dutcher*], for the plaintiff.

*MacFarlane & Harris* [*Harry Harris*], for the defendants.

THOMPSON, J.   The defendant Smithers executed an agreement with the plaintiff for the occupation and use of her lot for advertising display purposes. The document provided for an annual rental of fifteen dollars, and that it should endure for a term of three years with rights of renewal. It is under seal, is admitted to have been executed and delivered by the defendant Smithers, but is not attested or acknowledged, nor, of course, recorded. Thereafter defendant Smithers sold the lot to defendant Swartz, and about the same time wrote a letter to plaintiff attempting to rescind the contract, to which plaintiff replied by letter asserting the validity of the document and its intention of continuing to claim thereunder. At the time of the sale and transfer the premises were occupied by large billboards maintained by plaintiff and it must be held that defendant Swartz had notice thereof, and that the presence of the billboards put her upon her inquiry, which if properly pursued, would have gained for her the knowledge of this contract.

" Easements capable of physical examination are embraced within the Recording Act and necessarily subject to the same law of

notice as conveyances of a fee." (*Ward* v. *Metropolitan Elev. R. R. Co.*, 82 Hun, 545; affd., 152 N. Y. 39.)

This contract is a valid agreement *between the parties* and constitutes an effective grant of an easement upon the premises in question. (*Borough Bill Posting Co.* v. *Levy*, 144 App. Div. 784.)

While the paper bears the caption " Permit for Advertising," it contains words of grant, and in its nature, giving effect to the plain meaning of its contents and arriving at the manifest intent of the parties, is not a license, as defendant here contends, but is an easement. It has a definite term to run, an agreed rental, and contains appropriate conditions for its renewal, all of which are opposed to the idea of license but consistent with easement.

" If the instrument had been intended to be a mere license revocable at will, it is difficult to perceive any adequate reason for its execution. * * * The pre-existing oral license was just as good. When, however, we consider the situation of both parties to the instrument and the language of the paper itself it seems to us quite clear that it was the intent of the property owner to give much more than a license." (*Smyth* v. *Brooklyn Union Elev. R. R. Co.*, 193 N. Y. 335, 339.)

The instrument under discussion in the above case was simply a " consent " to the operation of a street railroad over and upon a street upon which plaintiff's real estate abutted; but it was " a full, unconditional and absolute consent " " as in the case of *White* v. *Manhattan Railway Co.*" (139 N. Y. 19, 27), says Judge Willard Bartlett in holding by analogy that the agreement was an easement and, therefore, a grant.

While as before said the document upon which this suit is brought is valid between the parties, it is ineffectual as a grant and void as to a subsequent purchaser or incumbrancer, not having been acknowledged or attested, as required by section 243 of the Real Property Law.

An easement is an estate or interest in real property and cannot be created by parol agreement. (*Norton* v. *Ritter*, 121 App. Div. 497.)

It can only be conferred by " grant or prescription." (*Trustees of Southampton* v. *Jessup*, 162 N. Y. 122.)

And can only be granted by " a deed or conveyance in writing." (*Heyman* v. *Biggs*, 223 N. Y. 118, 125; *Wiseman* v. *Lucksinger*, 84 id. 31.)

Thus it becomes subject to section 243 of the Real Property Law, and this whether it be considered a fee or freehold estate. (*Clark* v. *Strong*, 105 App. Div. 179, 182; *Singleton* v. *McGurk*, 117 Misc. 340.)

Supreme Court, November, 1927.                    [Vol. 130

It follows that although a subsequent grantee has actual notice of a prior unacknowledged and unattested deed, it is invalid as to such person. (*Chamberlain* v. *Spargur*, 86 N. Y. 603; *Nellis* v. *Munson*, 108 id. 453; *Dunn* v. *Dunn*, 151 App. Div. 800, 804; *Ward* v. *Metropolitan Elev. R. R. Co.*, 152 N. Y. 39; *Carswell* v. *Hudson Valley R. Co.*, 68 Misc. 393.)

Even the reservation of the easement in the contract of sale had no effect as establishing title in the plaintiff in the *Nellis* case, but only operated, as Chief Judge Ruger says, as "notice  *  *  * of the existence of the *alleged* easement" (p. 461), and "may be laid out of view as not affecting the point in dispute." (p. 457.)

In *City of New York* v. *N. Y. & S. B. Ferry & S. T. Co.* (231 N. Y. 18) the court recognized the doctrine of the *Chamberlain* and *Nellis* cases but held that while the statute nullified the instrument of transfer, and thus extinguished the easement, it did not so easily destroy the equities arising from contract, possession and improvement. The action did not rest upon the document in question, but was brought upon defendant's covenant against incumbrances, in a deed of the premises made after the lien of the incumbrance, which was based upon the equities mentioned, had attached. So we see that the action was brought upon the equities and not upon the instrument. In our case the action is upon the instrument, plaintiff by its complaint and on the trial standing upon the sufficiency of the paper as a grant of an easement, and in this view the case must be decided. "The case was tried upon the theory, presented by the complaint, of a legal right to the easement in question," and "it would be quite improper to sustain the judgment here upon a theory which was not set up in the complaint, or tried and determined by the trial court." (*Nellis* v. *Munson, supra.*)

"There are two classes of cases in which equity may be said to follow the law: *Firstly*, in determining purely legal rights, and, *secondly*, in determining analogous equitable rights." (21 C. J. 195.)

In determining the weight to be given to the *City of New York* case as authority in the case at hand, a comparison of the equities there and here, and a careful reading of the dissenting opinion of Judge McLaughlin, in which Judges Andrews and Crane concur, is profitable.

After as careful a consideration of this case as may be, I am moved to the conclusion that the defendant must have judgment, with costs.

So ordered.