■ LESLEE L. MILES et al., Respondents, v NICHOLAS DE SAPIO et al., Appellants. — Appeal from a judgment of the County Court of Rensselaer County in favor of plaintiffs, entered January 11, 1982, upon a decision of the court at Trial Term (Dwyer, Jr., J.), without a jury. In 1969, defendants bought a parcel of land in the Town of Schaghticoke from Myron Wetsel but did not record their deed. Along the eastern border of defendants' property runs a dirt road approximately 10 feet wide. Even prior to purchasing this land, defendants had put a house trailer on the property just a few yards west of the dirt road, and they have lived there with their children ever since. In 1976, Wetsel sold plaintiffs a parcel of land north of defendants' property and, at the same time, conveyed to plaintiffs a quitclaim "agreement" conveying a 30-foot wide easement or right of way that included the existing 10-foot wide dirt road and a portion of the adjoining land previously deeded to defendants. Plaintiffs promptly recorded both the deed and the agreement from Wetsel. In 1978, plaintiffs began to widen the 10-foot right of way pursuant to the agreement. When they attempted to extend the widened roadway onto defendants' property, defendants objected and belatedly recorded their 1969 deed. Plaintiffs then commenced this action to enjoin defendants from interfering with their use of the 30-foot right of way. Following a trial without a jury, the court determined that since defendants had not recorded their deed prior to plaintiffs' purchase and recording, plaintiffs had acquired a 30-foot easement over defendants' land. The court held that actual knowledge of a prior unrecorded interest by the subsequent purchaser of an *easement* was irrelevant under the applicable recording act. Defendants have appealed. Where there are conflicting claims between a prior unrecorded deed and a subsequent purchaser, if the purchaser "has knowledge of any fact, sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase, he is presumed either to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim, to be considered as a *bona fide* purchaser" (*Williamson v Brown,* 15 NY 354, 362; accord *487 Elmwood v Hassett,* 83 AD2d 409, 412, app dsmd 55 NY2d 1037). Furthermore "[t]he general rule is that actual possession of real estate is notice to all the world of the existence of any right which the person in possession is able to establish" (*Erlich v Hollingshead,* 275 App Div 742; see, also, *Holland v Brown,* 140 NY 344, 347; *Phelan v Brady,* 119 NY 587, 591-592; *Wardell v Older,* 70 AD2d 1008, 1009). Here, plaintiffs knew that defendants

lived in a large house trailer on the property through which the purported easement passed and that their claimed easement immediately adjoined (within a matter of feet) defendants' house trailer. It is further uncontested that the physical appearance of the dirt road or right of way crossing defendants' property was only 10 feet in width, as opposed to the 30-foot wide easement. Plaintiffs admit they did not inquire of defendants as to defendants' possible rights or title in the disputed property, and there is no indication in the record that if such an inquiry had been made, defendants' interest would not have been disclosed. An easement is clearly a conveyance of real property subject to the recording act and related case law, which expressly conditions the superiority of the rights of the subsequent grantee on his having purchased "in good faith" (Real Property Law, § 291; *Ward v Metropolitan El. Ry. Co.,* 152 NY 39; *Pallone v New York Tel. Co.,* 34 AD2d 1091, affd 30 NY2d 865). Accordingly, plaintiffs had sufficient facts in their possession to be on inquiry notice to defendants' interest in the disputed parcel. Their failure to inquire as to defendants' rights removed them from the protection of the recording act, and defendants' prior title in the property should prevail. Finally, County Court properly exercised jurisdiction over this action under RPAPL article 15 and its predecessor statute (*Chodikee Lake Farm-Camp v Stuts,* 270 App Div 974; *Bradley v Condon,* 217 NYS2d 821, 822-823; see RPAPL 1501, subds 1, 2). The complaint adequately, if inartfully, stated a cause of action under article 15, and plaintiffs' failure to refer to the article or to use the language of the statute was not a fatal defect (*Howard v Murray,* 38 NY2d 695, 699-700). Accordingly, since, on these undisputed facts, plaintiffs were at least on inquiry notice as to defendants' prior interest, the judgment granted plaintiffs a 30-foot easement over defendants' land should be reversed, plaintiffs' complaint dismissed, and the matter remitted to County Court for further proceedings on defendants' counterclaim. Judgment reversed, on the law and the facts, without costs, plaintiffs' complaint dismissed, and matter remitted to County Court of Rensselaer County for further proceedings not inconsistent herewith on defendants' counterclaim for damages from plaintiffs' intrusion. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.