*607 OPINION OF THE COURT
Dan Lamont, J.
Plaintiffs move for summary judgment in this action brought pursuant to RPAPL articles 5 and 15 claiming adverse possession of and seeking a determination of claims to real property. Defendants cross-move for summary judgment dismissing the complaint.
For the reasons which follow, this court holds and determines that plaintiffs are entitled to summary judgment adjudging them lawful owners vested with absolute title in fee simple of the 10-foot by 127.42-foot strip , of land described in paragraph 9 of the amended complaint herein.
To obtain summary judgment, it is necessary that movant establish his cause of action " 'sufficiently to warrant the court as a matter of law in directing judgment’ ” in his favor (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067 [1979]; CPLR 3212 [b]).
In order to defeat a motion for summary judgment, the opponent must present evidentiary facts sufficient to raise a triable issue, and averments merely stating conclusions are insufficient (Bethlehem Steel Corp. v Solow, 51 NY2d 870 [1980]; Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338 [1974]; Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255 [1970]). A party opposing summary judgment must assemble, lay bare, and reveal his evidentiary proof in admissible form to establish a triable issue of fact (Zuckerman v City of New York, 49 NY2d 557 [1980]; Castro v Liberty Bus Co., 79 AD2d 1014 [2d Dept 1981]).
This court upon reading the motion papers, supporting affidavits, and examinations before trial, and examining the exhibits submitted finds no substantial issue of fact in this case and therefore no necessity for a trial. The court finds the following undisputed facts:
FACTS
The plaintiffs and defendants own adjoining residential property in the Town of Catskill, Greene County.
Plaintiffs acquired title to their residential lot by deed dated and recorded in February 1950. By warranty deed dated and acknowledged on April 25, 1965, Charles M. Link and Bertha S. Link (defendants’ grantors) conveyed to plaintiffs a strip of land 10 feet wide and 127.42 feet long adjoining plaintiffs’ *608 residential lot. Plaintiffs did not record their deed to such strip of land until July 1, 1986.
Plaintiffs in 1965 erected a wood rail fence along the boundary line between their newly acquired strip of land and the remaining residential property of Link. Thereafter, plaintiffs have continually maintained the wood rail fence along such boundary line, and have planted grass, trees and shrubs and maintained such 10-foot-wide strip as a portion of their residential yard.
By executor’s deed dated and acknowledged June 19, 1979, Charles W. Link (son of Charles M. and Bertha Link, deceased) conveyed to defendants the same described premises and residential property acquired by the Links by deed recorded in 1959, without excepting and reserving the 1965 conveyance to plaintiffs. When defendants purchased their residence in 1979, they observed the wood rail fence which they then believed was the boundary line between their residence and plaintiffs’ residence. Based upon their observations of the property, defendants did not believe they purchased or owned land beyond the wood rail fence.
CONCLUSIONS OF LAW
Plaintiffs claim title founded upon a written instrument, to wit: an unrecorded deed. The 10-foot-wide strip of land in question has been possessed and occupied by the plaintiffs cultivating and maintaining a lawn protected by a wood rail fence which constitutes a substantial enclosure (see, RPAPL §§ 511, 512) — for a period far in excess of 10 years (see, CPLR 212 [a]). Thus, plaintiffs clearly establish title by adverse possession.
However, this court’s determination in plaintiffs’ favor rests even more squarely and firmly upon the recording statute (Real Property Law § 291) from which defendants in this case can derive no benefit. Simply stated, this court holds and determines that defendants in 1979 were not "bona fide purchasers” of the 10-foot-wide strip of land in question. The recording act and related case law expressly condition the superiority of the rights of the subsequent grantee upon his having purchased "in good faith” (Real Property Law § 291; Ward v Metropolitan El. Ry. Co., 152 NY 39; Pallone v New York Tel. Co., 34 AD2d 1091 [4th Dept 1970], affd 30 NY2d 865 [1972]).
"Actual notice of a prior unrecorded conveyance or other *609 instrument, or any title, whether legal or equitable, to the premises, or knowledge and notice of any facts which should put a prudent man upon inquiry, impeaches the good faith of the subsequent purchaser. Stated another way, when actual notice exists, the Recording Act loses all pertinence. Open, actual, and visible possession of property by one other than the supposed grantor has been held to constitute the equivalent of actual notice to a subsequent purchaser. The possession of real estate by a third person merely charges a purchaser with knowledge of such facts as he might have ascertained had he made actual inquiry of the person in possession.” (49 NY Jur, Records and Recording Acts, § 63; emphasis supplied.)
Defendants in 1979 believed they did not purchase land beyond the wood rail fence, and had they measured or surveyed the proposed deed description in 1979 and made actual inquiry of plaintiffs, defendants would have learned of plaintiffs’ unrecorded conveyance. Defendants’ failure to inquire as to plaintiffs’ rights removes them from the protection of the recording act, and plaintiffs’ prior title in the property should prevail. (See, Miles v De Sapio, 96 AD2d 970, 971 [3d Dept 1983].)
Defendants’ bare assertion that a deed acknowledged in 1965 before a practicing attorney as a notary public and not recorded until 1986 is inherently suspect does not even deserve comment.
Plaintiffs are entitled to summary judgment adjudging them lawful owners vested with absolute title in fee simple of the 10-foot by 127.42-foot strip of land described in paragraph 9 of the amended complaint and described in a deed recorded in the Greene County Clerk’s office on July 1, 1986 in Book 608 of Deeds at 191.