Incorporated Vil. of Freeport v People of State of New York (2025 NY Slip Op 01358)

Incorporated Vil. of Freeport v People of State of New York

2025 NY Slip Op 01358

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2020-04767
 (Index No. 7877/13)

[*1]Incorporated Village of Freeport, plaintiff-respondent,
v
People of State of New York, et al., appellants, et al., defendants; Sunrise Meadowbrook, LLC, intervenor-respondent.

Letitia James, Attorney General, New York, NY (Judith N. Vale, Linda Fang, and Andrea W. Trento of counsel), for appellants.
Law Office of Steven Cohn, P.C., Carle Place, NY (Susan E. Dantzig and Mitchell Goldklang of counsel), for plaintiff-respondent.
V. Roy Cacciatore, P.C. (Rivkin Radler LLP, Uniondale, NY [Evan H. Krinick], of counsel), for intervenor-respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to certain real property and for declaratory relief, the defendants People of the State of New York and New York State Department of Transportation appeal from a judgment of the Supreme Court, Nassau County (Jack L. Libert, J.), entered March 16, 2020. The judgment, insofar as appealed from, upon an order of the same court dated March 29, 2018, among other things, denying that branch of those defendants' cross-motion which was for summary judgment declaring that those defendants are entitled to the easement rights as set forth in a 1927 indenture between the City of New York and the defendant People of the State of New York, and upon a decision of the same court dated January 22, 2020, made after a nonjury trial, inter alia, declared that the plaintiff has a valid absolute and unencumbered title in fee simple absolute to the subject property.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the cross-motion of the defendants People of the State of New York and New York State Department of Transportation which was for summary judgment declaring that those defendants are entitled to the easement rights as set forth in the 1927 indenture between the City of New York and the defendant People of the State of New York is granted, the order dated March 29, 2018, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment, among other things, declaring that the defendants People of the State of New York and New York State Department of Transportation are entitled to the easement rights as set forth in the 1927 indenture between the City of New York and the defendant People of the State of New York.
The City of New York owned certain real property located in Nassau County (hereinafter the City property), which included real property currently referred to on the land and tax map of the County of Nassau as Section 55, Block H, Lot 383 (hereinafter the subject property). In 1926, the City, in an indenture, granted a "permanent surface easement" (hereinafter the 1926 easement) to the Long Island State Park Commission, a former state agency. The 1926 easement, [*2]which was recorded, included a certain portion of the City property known as parcel 44, which is part of the subject property. In 1927, the City, in a separate indenture, granted a "permanent surface easement" to the defendant People of the State of New York (hereinafter the State) for "highway or boulevard purposes" (hereinafter the 1927 easement). The 1927 easement, which did not include a metes and bounds description, purported to include, inter alia, parcels 44 and 45. It appears that although the 1927 easement was recorded in the Nassau County Clerk's Office, it was not recorded in the proper chain of title for the subject property.
In 1981, the City conveyed a portion of the City property, which included the subject property, to the County of Nassau. An indenture dated May 7, 1981, concerning this conveyance, stated that the subject property was subject to, inter alia, the 1926 easement and a separate 1932 easement covering a portion of the City property that did not include the subject property. In October 1981, the State and the County executed a release, whereby the State agreed to release the 1926 and 1932 easements.
Thereafter, in 1989, by quitclaim deed, the County conveyed, among other properties, the subject property to the Incorporated Village of Freeport. The 1989 quitclaim deed, which was recorded in October 1989, stated that it was subject to, among other things, "[a]ny public or private easement . . . now existing or to any easements heretofore granted." Thereafter, in 1991, the Village inquired about the use of a section of the subject property by the State and the New York State Department of Transportation (hereinafter DOT). DOT indicated that it was using the subject property pursuant to the 1927 easement. In 2011, the Village entered into a contract of sale for the subject property with Sunrise Meadowbrook, LLC (hereinafter Sunrise).
In July 2013, the Village commenced this action against, among others, the State and DOT (hereinafter together the defendants), inter alia, to quiet title to the subject property and for a declaration that the Village owned the subject property in fee simple absolute and unencumbered by any easements. The defendants interposed an answer. Sunrise was granted leave to intervene in the action and joined the Village's position. Thereafter, the Village moved for summary judgment declaring that it has a valid absolute and unencumbered title in fee simple absolute to the subject property. Sunrise cross-moved for the same relief. The defendants opposed and cross-moved, among other things, for summary judgment declaring that they are entitled to the easement rights as set forth in the 1927 easement between the City and the State or, in the alternative, that they had obtained an easement by prescription. In an order dated March 29, 2018, the Supreme Court, inter alia, denied that branch of the defendants' cross-motion which was for summary judgment declaring that they are entitled to the easement rights as set forth in the 1927 easement between the City and the State. However, the court determined that there were triable issues of fact as to whether the State had a prescriptive easement on the subject property.
After a nonjury trial, in a decision dated January 20, 2020, the Supreme Court determined that the State did not have a prescriptive easement on the subject property. The court issued a judgment, among other things, declaring that the Village has a valid absolute and unencumbered title in fee simple absolute to the subject property. The defendants appeal.
"A good faith purchaser for value is not bound by an easement which is not properly recorded prior to the purchase of the encumbered property" (Conwell Props., Inc. v DAG Rte. Six, LLC, 210 AD3d 1051, 1054; see Real Property Law § 291; Andy Assoc. v Bankers Trust Co., 49 NY2d 13, 16-17). "However, the purchaser cannot claim good faith purchaser status if it had actual or constructive notice of the easement" (Conwell Props., Inc. v DAG Rte. Six, LLC, 210 AD3d at 1054; see Strnad v Brudnicki, 200 AD2d 735, 737). "Where there is open and visible use of property by a third person, a purchaser is placed on constructive notice of the possible existence of prior rights" (Conwell Props., Inc. v DAG Rte. Six, LLC, 210 AD3d at 1054). "If no inquiry is made, the purchaser is charged with the knowledge that a reasonable inquiry concerning the defect would have revealed" (id.; see Williamson v Brown, 15 NY 354, 362).
Here, in support of that branch of the defendants' cross-motion which was for summary judgment declaring that they are entitled to the easement rights as set forth in the 1927 easement between the City and the State, the defendants established, prima facie, that their use of the subject property was open and visible, as they had occupied and used the subject property for [*3]many years prior to the Village's acquisition of the subject property in 1989. Notably, at the time of the Village's acquisition, the defendants' use of the subject property included a fenced-in "highway maintenance area" to store materials and road equipment and for parking vehicles. Thus, the defendants established that the Village had constructive notice of the 1927 easement. In opposition, the Village failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendants' cross-motion, regardless of whether the 1927 easement was properly recorded (see Conwell Props., Inc. v DAG Rte. Six, LLC, 210 AD3d at 1054; Miles v De Sapio, 96 AD2d 970, 970-971).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment, inter alia, declaring that the defendants are entitled to the easement rights as set forth in the 1927 easement between the City and the State (see Lanza v Wagner, 11 NY2d 317, 334).
CHAMBERS, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court